1  JOSHUA B. SWIGART (SBN 225557)
   josh@swigartlawgroup.com
2  SWIGART LAW GROUP, APC
   2221 Camino Del Rio S., Ste. 308
3  San Diego, CA 92108
   Telephone: (866) 219-3343
4  Facsimile: (866) 219-8344
   *Attorneys for Petitioners*
5

6
                    **UNITED STATES DISTRICT COURT**
7
                    **NORTHERN DISTRICT OF CALIFORNIA**
8

9
   Daniel Newman, Samuel S. Grizzle,    )  Case No: C21-3751 JSC
10 and Tammy Cook,                       )
                                         )  **PETITION FOR ORDER**
11                    Petitioners,       )  **COMPELLING**
                                         )  **ARBITRATION**
12 v.                                    )
                                         )
13 ZOOSK, INC., a Delaware               )
   Corporation;                          )
14                                       )
                                         )
15                    Defendant.         )
                                         )
16                                       )
                                         )
17                                       )
                                         )
18                                       )
                                         )
19                                       )
                                         )
20                                       )
                                         )
21 _____)

---

PETITION TO COMPEL ARBITRATION

Petitioners file this Petition for Order Compelling Arbitration against Respondent Zoosk, Inc. ("Defendant" or "Respondent") as follows:

## NATURE OF THE PETITION

1. Petitioners are three of approximately 1,300 Zoosk customers who are attempting to arbitrate individual claims against Zoosk in connection with a data breach that compromised the customer's Personal Identifying Information ("PII"). Petitioners contend that Zoosk acted negligently and violated related California state and local laws.

2. Petitioners' Terms of Use Agreement with Zoosk ("The Agreement") contains a sweeping arbitration provision. The Agreement requires Zoosk to pay filing, administration, and arbitrator fees and costs necessary to commence arbitration if the user is unable to pay.

3. Petitioners filed arbitration actions with JAMS, and sent notice to Zoosk.

4. Shortly thereafter counsel for Zoosk responded claiming that the arbitration provision was waived due to the fact no pre-arbitration demand was made.

5. Counsel for Petitioners disagreed, but allowed Zoosk the time to review the claims, as set forth under the contract, before having to respond to the demand for arbitrations.

6. Counsel for Zoosk took no steps to attempt to resolve the claims, only asserted certain provisions of the contract were waived.

7. Counsel for Petitioners then attempted to move forward with the filed arbitrations.

8. Defendant refused to pay the filing fees to begin the arbitrations.

9. Counsel for Petitioners filed approximately 65 arbitration demands on Zoosk[1], including the named Petitioners herein.

10. On January 26, 2021, JAMS imposed a deadline of February 2, 2020, for Zoosk to pay the Petitioners' portion of the filing fee necessary to commence arbitration for the first 65 Petitioners' demands.

11. On February 10, 2021, Petitioners' counsel informed Zoosk's counsel that unless Zoosk timely appeared in the arbitration proceedings, Petitioners would be forced to move to compel arbitration in federal court.

12. Several letters were exchanged between counsel and JAMS.

13. On multiple occasions, Zoosk's counsel responded, making it clear that Zoosk had no intention to arbitrate or pay the arbitration fees.

14. Zoosk has yet to pay a single filing fee and has objected to the arbitration matters proceeding.

15. JAMS will not commence arbitration until it receives the fees Zoosk owes.

16. It cannot be reasonably disputed that Petitioners and Zoosk entered into an agreement requiring them to arbitrate the issue of whether Zoosk was negligent in its handling of Petitioners personal information.

17. Zoosk failed to meet that deadline and has shown no willingness to pay the fees it owes with respect to any of Petitioners' arbitration demands.

18. Zoosk has failed to comply with the Agreement through its refusal to pay the filing fees owed under The Agreement. These fees are necessary for Petitioners to begin arbitration.

19. Petitioners have filed this Petition to require Zoosk to abide by its own Agreement.

---

[1] Although JAMS only can locate approximately 65 of those filings although counsel filed approximately 77 demands.

## PARTIES

20. Petitioners are Zoosk customers.
21. Respondent, Zooks, Inc., is a Delaware corporation.

## JURISDICTION AND VENUE

22. This Court has jurisdiction over this action pursuant to 9 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1367 because the underlying controversy involves claims arising under federal law.
23. This Court has personal jurisdiction over Zoosk because Zoosk does substantial business in California.
24. Venue is proper in this district (San Francisco Division) pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1391(b) because the named Petitioners are residents of San Francisco County and many of the acts and omissions complained of occurred in San Francisco County.

## INTRADISTRICT ASSIGNMENT

25. This action is properly assigned to the San Francisco Division of this District, pursuant to Civil Local Rule 3-2(c) and (d), because a substantial part of the events or omissions that give rise to the claim occurred in San Francisco County, which is served by the San Francisco Division.

## BACKGROUND

26. Zoosk is an online dating service.
27. Petitioners are Zoosk customers who allege Zoosk negligently or recklessly caused their PII to be compromised from a data breach.
28. Zoosk executed an agreement with its customers—The Agreement—requiring that all parties to the agreement arbitrate any claim arising from the agreement in accordance with JAMS's procedures and rules. The agreement further requires that arbitrations be conducted individually; it does not permit any class or consolidated proceedings.

29. As discussed, pursuant to Zoosk's Agreement, Petitioners' counsel served demands for arbitration for Petitioners on Zoosk and JAMS.[2]
30. Under the Agreement and JAMS's consumer fee schedule, which JAMS has applied to Petitioners' claims, Zoosk is required to pay a filing fee of about $1,700 for each demand.
31. Petitioners' counsel filed fee waiver requests. However, Zoosk declined to pay.
32. Zoosk failed to pay the filing fees by the deadline set by JAMS. It has yet to pay a single filing fee.
33. The deadline to pay the filing fee was extended to April 15, 2021.
34. JAMS will not commence arbitration until it receives the fees Zoosk owes.
35. It is undisputed that Petitioners and Zoosk entered into an agreement requiring them to arbitrate their dispute surrounding the data breach.
36. Zoosk has failed to comply with its own Terms of Use Agreement because it has refused to pay the filing fees it owes under the agreement—fees that are necessary for Petitioners to begin their arbitrations.
37. Accordingly, this Court should compel Zoosk to arbitrate under 9 U.S.C. § 4.

//
//
//
//
//
//
//
//
//

---

[2] Petitioners' counsel also noted that demands for the remaining approximately 1,300 Petitioners were forthcoming.

## **PRAYER FOR RELIEF**

38. WHEREFORE, Petitioners respectfully request that this Court enter an Order requiring that:

   a. Zoosk shall pay all arbitration filing fees due for Petitioners' pending demands for arbitration within 14 days of this Court's Order; and

   b. Zoosk shall pay future JAMS invoices related to Petitioners' arbitrations within 14 days of receipt.

Dated: May 5, 2021                    **SWIGART LAW GROUP, APC**

                                      By: */s/Joshua B. Swigart*  _____
                                          JOSHUA B. SWIGART
                                          *Attorneys for Petitioners*

## CERTIFICATE OF SERVICE

I certify that I shall cause the foregoing document to be served on Zoosk at its counsel at Orrick, Herrington & Sutcliffe LLP, 222 Berkeley St, Boston, MA 02116-3740.

Dated:  May 5, 2021                                    **SWIGART LAW GROUP, APC**

By: */s/Joshua B. Swigart* _____
JOSHUA B. SWIGART
*Attorneys for Petitioners*