1  DOUGLAS H. MEAL (*pro hac vice pending*)
   dmeal@orrick.com
2  REBECCA HARLOW (STATE BAR NO. 281931)
   rharlow@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
4  405 Howard Street
   San Francisco, CA  94105-2669
5  Telephone:    +1 415 773 5700
   Facsimile:     +1 415 773 5759
6
   Attorneys for Respondent
7  ZOOSK, INC.

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12
   DIANE GAST, THIERRY CHAMBERS,           Case No. 3:21-cv-03751-JSC
13 TAMILA GIPSON, and MICHAEL
   SIZEMORE,                               **RESPONDENT ZOOSK, INC.'S**
14                                         **NOTICE OF MOTION AND MOTION**
                  Petitioners,             **TO DISMISS FOR LACK OF SUBJECT**
15                                         **MATTER JURSIDICTION OR, IN THE**
          v.                               **ALTERNATIVE, TRANSFER**
16                                         **PURSUANT TO 28 U.S.C. § 1404(A);**
   ZOOSK, INC., a Delaware corporation,    **MEMORANDUM OF POINTS AND**
17                                         **AUTHORITIES**
                  Respondent.
18                                         Date:       August 11, 2021
                                           Time:       2:00 p.m.
19                                         Location:   Courtroom 2, 17th Floor
                                                       450 Golden Gate Ave.
20                                                     San Francisco, California

21                                         **Judge: The Honorable William H. Orrick**

22

23

24

25

26

27

28
                                                  RESPONDENT ZOOSK, INC.'S MOTION
                                                     TO DISMISS OR, IN THE
                                  - 1 -               ALTERNATIVE, TRANSFER
   4149-6508-4975.14                                   3:21-cv-03751-JSC

1

## NOTICE OF MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on Wednesday August 11, 2021 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 (17th Floor) of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Respondent Zoosk, Inc. ("Zoosk") will, and hereby does move to dismiss petitioners Diane Gast, Thierry Chambers, Tamila Gipson, and Michael Sizemore's Amended Petition to Compel Arbitration ("Petition") (ECF No. 13) for lack of subject matter jurisdiction, or in the alternative, to transfer to the United States District Court for the Southern District of New York.

The Motion to Dismiss is based upon this Notice of Motion and the supporting Memorandum of Points and Authorities and the Declaration of Douglas H. Meal and exhibits thereto, all filed and served herewith, as well as the pleadings and documents on file with this Court, and any oral argument as may be heard at the time of the hearing.

**STATEMENT OF RELIEF SOUGHT (CIVIL L.R. 7-2(B)(3)).** Zoosk seeks an Order pursuant to Federal Rule of Civil Procedure 12(b)(1) dismissing the Petition for lack of subject matter jurisdiction, or in the alternative, pursuant to 28 U.S.C. § 1404 transferring the Petition to the United States District Court for the Southern District of New York.

Dated: July 6, 2021                                ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  _/s/  Douglas H. Meal_
                                                    DOUGLAS H. MEAL
                                                    REBECCA HARLOW
                                                    Attorneys for Respondent
                                                    ZOOSK INC.

4149-6508-4975.14

RESPONDENT ZOOSK, INC.'S MOTION
TO DISMISS OR, IN THE
ALTERNATIVE, TRANSFER
3:21-cv-03751-JSC

# TABLE OF CONTENTS

I.     STATEMENT OF THE ISSUES TO BE DECIDED (CIVIL L.R. 7-4(A)(3)).................. 1

II.    RELEVANT FACTUAL BACKGROUND ........................................................................ 2

III.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE PETITION . 3

IV.    ALTERNATIVELY, THE COURT SHOULD ENFORCE THE PARTIES' VALID
       FORUM SELECTION CLAUSE AND ORDER TRANSFER TO SDNY ....................... 5

       A.     The Forum Selection Clause in the Terms of Use Is Valid and Enforceable .......... 7

       B.     Petitioners Cannot Meet Their Heavy Burden of Demonstrating that Public Interest
              Considerations Overwhelmingly Disfavor Transfer ................................................ 9

V.     CONCLUSION ............................................................................................................ 10

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Adema Technologies, Inc. v. Wacker Chemical Corp.*,
  657 F. App'x 661 (9th Cir. 2016) ...................................................................... 6

4

*Atlantic Marine Construction Co. v. United States District Court*,
  571 U.S. 49 (2013) ............................................................................... 7, 8, 9

5

*Blue Cross of California v. Anesthesia Care Associates Medical Group, Inc.*,
  187 F.3d 1045 (9th Cir.1999) ................................................................................ 4

6

7

*Bromlow v. D & M Carriers, LLC*,
  438 F. Supp.1021 (N.D. Cal. 2020) ................................................................... 5

8

*County of Santa Clara v. Trump*,
  267 F. Supp. 3d 1201 (N.D. Cal. 2017) ........................................................... 4

9

10

*East Bay Women's Health, Inc. v. gloStream, Inc.*,
  No. C 14-00712 WHA, 2014 WL 1618382 (N.D. Cal. Apr. 21, 2014) ................... 6, 7

11

*Fleming v. Matco Tools Corp.*,
  384 F. Supp. 3d 1124 (N.D. Cal. 2019) ........................................................ 7, 9

12

13

*Global Quality Foods, Inc. v. Van Hoekelen Greenhouses, Inc.*,
  No. 16-cv-00920-LB, 2016 WL 4259126 (N.D. Cal. Aug. 12, 2016) ..................... 10

14

*Lewis v. Liberty Mutual Insurance Co.*,
  321 F. Supp. 3d 1076 (N.D. Cal. 2018) ............................................................. 7

15

16

*Moretti v. Hertz Corp.*,
  No. C 13-02972 JSW, 2014 WL 1410432 (N.D. Cal. Apr. 11, 2014) ...................... 9

17

*Murphy v. Schneider National, Inc.*,
  362 F.3d 1133, 1140 (9th Cir. 2004) ................................................................. 8

18

19

*O'keeffe's Inc. v. Access Information Technologies, Inc.*,
  No. 15-CV-03115-EMC, 2015 WL 6089418 (N.D. Cal. Oct. 16, 2015) ................. 10

20

*Patel v. Nike Retail Services, Inc.*,
  58 F. Supp.3d 1032 (N.D. Cal. 2014) ................................................................ 5

21

22

*Pelleport Investors Inc. v. Budco Quality Theatres*,
  741 F.2d 273 (9th Cir. 1984) .............................................................................. 8

23

*Rainero v. Archon Corp.*,
  884 F.3d 832 (9th Cir. 2016) .............................................................................. 5

24

25

*Rowen v. Soundview Communications, Inc.*,
  No. 14-CV-05530-WHO, 2015 WL 899294 (N.D. Cal. Mar. 2, 2015) ..................... 9

26

*Sinochem International Co. v. Malaysia International Shipping Corp.*,
  549 U.S. 422 (2007) ........................................................................................... 6

27

28

RESPONDENT ZOOSK, INC.'S MOTION
TO DISMISS OR, IN THE
ALTERNATIVE, TRANSFER
3:21-cv-03751-JSC

*Sun v. Advanced China Healthcare, Inc.*,
  901 F.3d 1081 (9th Cir. 2018)........................................................................................ 8

*Underwriters at Lloyd's Subscribing to Cover Note B1526MACAR1800089 v. Abaxis, Inc.*,
  491 F. Supp. 3d 50 (N.D. Cal. 2020) .......................................................................... 4

*Vaden v. Discover Bank*,
  556 U.S. 49 (2009)......................................................................................................... 4

*Zeiger v. WellPet LLC*,
  304 F. Supp. 3d 837 (N.D. Cal. 2018) ...................................................................... 3

**Statutes**

28 U.S.C. § 1331 ................................................................................................................ 4

28 U.S.C. § 1404 ................................................................................................................ 6

4149-6508-4975.14

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Respondent Zoosk, Inc. ("Zoosk") submits this Memorandum of Points and Authorities in support of its motion to dismiss the instant amended petition to compel arbitration ("Petition") (ECF No. 13) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or, in the alternative, to transfer the Petition to the United States District Court for the Southern District of New York ("SDNY") pursuant to 28 U.S.C. § 1404(a).

Petitioners Diane Gast, Thierry Chambers, Tamila Gipson, and Michael Sizemore ("Petitioners") seek an order from this Court compelling arbitration, but the Petition presents no grounds for federal subject matter jurisdiction.  The Petition's reliance on Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, is unavailing as the FAA provides no independent basis for federal question jurisdiction.  Petitioners' underlying claims in their arbitration demands all arise under California statutory and common law, thus eliminating federal question jurisdiction as a basis for subject matter jurisdiction, and each of those demands alleges an amount in controversy of $15,000, thus eliminating diversity of citizenship as a basis for federal subject matter jurisdiction.  Accordingly, the Petition should be dismissed.

Alternatively, the Petition should be transferred to SDNY because it ignores a valid and enforceable forum selection clause in the agreement containing the claimed arbitration obligation.  That clause designates New York state and federal courts as the *exclusive* fora for any dispute in aid of arbitration brought under that agreement, such as this petition to compel arbitration.  And Petitioners cannot meet their substantial burden to demonstrate that extraordinary circumstances exist to override the controlling weight of the forum selection clause.  Accordingly, if the Court elects to exercise its discretion to enforce the forum selection clause without first deciding whether it has subject matter jurisdiction over the Petition (thereby leaving it to SDNY to decide the subject matter jurisdiction question), or if the Court finds that it has subject matter jurisdiction (which it should not), the Petition should be transferred to SDNY.

## I.   STATEMENT OF THE ISSUES TO BE DECIDED (CIVIL L.R. 7-4(A)(3))

Zoosk seeks dismissal of the Petition under Federal Rule of Civil Procedure 12(b)(1) for

RESPONDENT ZOOSK, INC.'S MOTION
TO DISMISS OR, IN THE
ALTERNATIVE, TRANSFER
3:21-cv-03751-JSC

4149-6508-4975.14

1   lack of subject matter jurisdiction.  Alternatively, Zoosk seeks an order transferring the Petition to

2   SDNY pursuant to 28 U.S.C. § 1404(a), in accordance with the terms of the parties' contractual

3   forum selection clause.

4   **II.     RELEVANT FACTUAL BACKGROUND**

5          On May 5, 2021, Daniel Newman, Samuel S. Grizzle, and Tammy Cook (the "Initial

6   Petitioners") filed a Petition for Order Compelling Arbitration.  (ECF No. 1.)  When counsel for

7   the Initial Petitioners emailed a copy of the Petition to counsel for Zoosk requesting acceptance of

8   service on Zoosk's behalf, counsel for Zoosk promptly alerted counsel for the Initial Petitioners

9   that Zoosk had never been served with nor was it aware of any arbitration demand having been

10  filed by any of the Initial Petitioners.  *See* Meal Decl. ¶ 2, Ex. 1.  Counsel for the Initial Petitioners

11  advised that he would soon amend the Petition so that it would be brought on behalf of individuals

12  who had in fact filed and served Zoosk with an arbitration demand.  *See id.* ¶¶ 3–4; Exs. 2–3.  On

13  June 8, 2021, an Amended Petition for Order Compelling Arbitration ("Amended Petition") was

14  filed that added Diane Gast, Thierry Chambers, Tamila Gipson, and Michael Sizemore (the

15  "Petitioners") as named petitioners.  (ECF No. 13.)  On June 21, 2021, a notice of unilateral

16  dismissal without prejudice was filed as to the Initial Petitioners pursuant to Fed. R. Civ. P. 41(a)(1),

17  (ECF No. 15), leaving the Petitioners as the only named petitioners in the matter.

18         Gast filed her JAMS Demand for Arbitration Form and Complaint on November 28, 2020.

19  *See* Meal Decl. ¶ 5; Ex. 4.  Chambers, Gipson, and Sizemore filed their JAMS Demand for

20  Arbitration Forms and Complaints on November 29, 2020.  *See id.* ¶¶ 6–8; Exs. 5–7.

21         Each Petitioner's arbitration demand arises out of a data security incident announced by

22  Zoosk in May 2020 (the "Incident"), and each makes identical allegations and claims related to the

23  Incident.  Specifically, each Petitioner's arbitration demand alleges that certain information the

24  Petitioner provided to Zoosk was compromised in the Incident as a result of Zoosk's supposed

25  failure to protect that information against third-party criminal attacks like the one that resulted in

26  the Incident.  *See* Meal Decl. Exs. 4–7.  Based on those allegations, each Petitioner's arbitration

27  demand makes claims against Zoosk for negligence; violation of the California Unfair Competition

28

RESPONDENT ZOOSK, INC.'S MOTION
TO DISMISS OR, IN THE
ALTERNATIVE, TRANSFER
3:21-cv-03751-JSC

4149-6508-4975.14

Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; breach of implied contract; unjust enrichment; invasion of privacy (public disclosure of private facts); violation of the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code § 1798.100 *et seq.*; and violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; and for a declaratory judgment. *See* Meal Decl. Exs. 4–7. The demand form that each Petitioner submitted with his or her arbitration demand to JAMS alleged an amount in controversy of $15,000. *See* Meal Decl. Exs. 4–7.

When they filed their arbitration demands, Petitioners identified Zoosk's March 2020 Terms of Use ("TOU") as containing the arbitration provision that entitled them to arbitrate the claims made in those demands, *see* Meal Decl. Exs. 4–7, and in the Petition the Petitioners cite the TOU as the contractual basis for the Petition. *See* Amended Petition ¶ 2. The TOU contains a forum selection clause in Section 20(a), which provides:

> You agree that any claim or dispute you may have against the Company must be resolved in a federal or state court located in New York, NY, USA or as described in the Arbitration provision below. . . . **You agree that the state or federal courts located in New York, NY, USA are the exclusive forum** for any proceeding to confirm or vacate an arbitration award rendered in accordance with Section 20(b) hereof (or **for any proceeding seeking relief in aid of such arbitration**) or in the event that the Arbitration provision below is for any reason held to be unenforceable.[1]

*See* Meal Decl. Exs. 4–7 at TOU (emphasis added).

## III.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE PETITION

"Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint." *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 843 (N.D. Cal. 2018) (Orrick, J.). "Federal courts are courts of limited jurisdiction, and it is presumed that a cause lies outside this limited jurisdiction. The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested." *Cty. of Santa Clara v. Trump*, 267 F. Supp.

---

[1] Petitioners incorporate the Terms of Use into their Petition by reference. *See* Petition ¶ 2.

RESPONDENT ZOOSK, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER
3:21-cv-03751-JSC

- 3 -

3d 1201, 1208 (N.D. Cal. 2017) (Orrick, J.) (quoting *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994)) (internal quotations omitted).

Petitioners purport to establish subject matter jurisdiction over the Petition via federal question jurisdiction based on Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and "because the underlying controversy involves claims arising under federal law."  Petition ¶ 22.  To invoke federal question jurisdiction, Petitioners must allege a claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In the arbitration context, meeting that standard requires that the *underlying* dispute involve one or more federal claims, because "[i]t is well established that the FAA does not, on its own, provide a basis for federal question jurisdiction." *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1050 (9th Cir.1999); *see also Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) ("[T]he [FAA] is something of an anomaly in the realm of federal legislation: [i]t bestow[s] no federal jurisdiction . . . .") (quoting *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008)) (internal quotations omitted).

Here, then, the Court must have a basis *independent of* the FAA to entertain this action pursuant to its federal question jurisdiction – which it manifestly does not.  Though Petitioners point to the "underlying controversy" as establishing federal question jurisdiction, not a single claim alleged in any Petitioner's arbitration complaint in fact arises under federal law.  Rather, as noted above (see pp. 2–3 *supra*), Petitioners allege the following claims, all of which arise under *California* common or statutory law:  negligence; violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; breach of implied contract; unjust enrichment; invasion of privacy (public disclosure of private facts); violation of the California Consumer Privacy Act ("CCPA"),  Cal. Civ. Code § 1798.100 *et seq.*; violation of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; and declaratory judgment.  None of these claims arises under federal law.[2]

---

[2] Because there is no underlying federal claim, the Court cannot exercise supplemental jurisdiction over the Petitioners' state law claims.  *See* 28 U.S.C. § 1367; *Underwriters at Lloyd's Subscribing to Cover Note B1526MACAR1800089 v. Abaxis, Inc.*, 491 F. Supp. 3d 506, 513 (N.D. Cal. 2020) ("Supplemental jurisdiction may be exercised when federal and state claims have a 'common

1    Though not alleged, Petitioners likewise cannot establish diversity jurisdiction, which exists

2   pursuant to 28 U.S.C. § 1332(a) only where "the amount in controversy . . . exceed[s] $75,000, and

3   the parties . . . [are] citizens of different states." *Rainero v. Archon Corp.*, 884 F.3d 832, 839 (9th

4   Cir. 2016).  As noted above (*see* p. 3), in the demand forms they filed with JAMS each Petitioner

5   identified the amount in controversy to be $15,000 – without alleging any facts to support an

6   amount anywhere near that high – well short of the $75,000 required. *See* Meal Decl. Exs. 4–7.

7   Even if the Petitioners' asserted amounts in controversy could be combined with one another for

8   purposes of meeting the $75,000 threshold, which they cannot,[3] here that aggregate amount would

9   be $60,000 – still below the $75,000 minimum.

10    Having no basis upon which to ground subject matter jurisdiction here, the Court must

11   dismiss the Petition.

12   **IV.   ALTERNATIVELY, THE COURT SHOULD ENFORCE THE PARTIES' VALID
        FORUM SELECTION CLAUSE AND ORDER TRANSFER TO SDNY**

13

14    The lack of subject matter jurisdiction is dispositive and requires dismissal, but the Petition

15   was improperly filed in this Court for the additional reason that such filing was and is prohibited

16   by the plain terms of the forum selection clause in the TOU.  *See* TOU Section 20(a) (designating

17   the "state or federal courts located in New York, NY, USA" as "the exclusive forum . . . for any

18   proceeding seeking relief in aid of [] arbitration").  Where a valid and enforceable forum selection

19   clause prohibits the action in question from being filed in the federal district court where it is

20   brought, but permits that action to be filed in another federal district court, the practice of the federal

21   courts is to enforce the forum selection clause by transferring the action to the federal district court

22   where the forum selection clause requires it to be filed.  *See Bromlow v. D & M Carriers, LLC*, 438

23   F. Supp.1021, 1027 (N.D. Cal. 2020) ("A valid forum-selection clause is enforced through a motion

24

25   nucleus of operative fact' and would ordinarily be expected to [be tried] all in one judicial
     proceeding") (quoting *Osborn v. Haley*, 549 U.S. 225, 245 (2007)) (internal quotations omitted).

26   [3] *See Patel v. Nike Retail Servs., Inc.*, 58 F. Supp.3d 1032, 1043 (N.D. Cal. 2014) ("The traditional
     rule is that multiple plaintiffs who assert separate and distinct claims are precluded from
27   aggregating them to satisfy the amount in controversy requirement") (quoting *Urbino v. Orkin
     Servs. of California, Inc.*, 726 F.3d 1118, 1121 (9th Cir. 2013)) (internal quotations omitted).

28

RESPONDENT ZOOSK, INC.'S MOTION
TO DISMISS OR, IN THE
ALTERNATIVE, TRANSFER
3:21-cv-03751-JSC

1    to transfer under § 1404(a)") (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist.*

2    *of Tex.*, 571 U.S. 49, 59 (2013)) (internal quotations omitted).  Moreover, where, as here, the filing

3    of an action in a particular federal district court is subject to challenge both on subject matter

4    jurisdiction grounds and based on a forum selection clause, the federal district court in question has

5    discretion to enforce the forum selection clause without deciding the issue of subject matter

6    jurisdiction because "a federal court has leeway to choose among threshold grounds for denying

7    audience to a case on the merits."  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S.

8    422, 431 (2007) (declining to resolve jurisdictional issues where case was to be dismissed on *forum*

9    *non conveniens* grounds given "jurisdiction is vital only if the court proposes to issue a judgment

10   on the merits") (internal citations and quotations omitted).  Here, then, the Court should reach and

11   enforce the forum selection clause issue in the event it *either* (a) elects to exercise its discretion to

12   rule on the forum selection clause issue before reaching the subject matter jurisdiction issue or (b)

13   concludes that it has subject matter jurisdiction over the Petition.  For the reasons discussed below,

14   if the Court does reach the forum selection clause issue, the Court should transfer the Petition to

15   SDNY pursuant to 28 US.C. § 1404(a).

16          Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the

17   interest of justice, a district court may transfer any civil action to any other district or division where

18   it might have been brought or to any district or division to which all parties have consented."  28

19   U.S.C. § 1404(a).  Where the parties to an action have entered an agreement containing a forum

20   selection clause and thereby "consented" to venue in the specified jurisdiction, "a proper

21   application of Section 1404(a) requires that a forum-selection clause be given *controlling weight*

22   in all but the most exceptional cases."  *E. Bay Women's Health, Inc. v. gloStream, Inc.*, No. C 14-

23   00712 WHA, 2014 WL 1618382, at *2 (N.D. Cal. Apr. 21, 2014) (Alsup, J.) (quoting *Atl. Marine*,

24   571 U.S. at 59–60) (emphasis added).  Such "extraordinary circumstances" must be "unrelated to

25   the convenience of the parties" in order to provide a basis for "a court to deny a party's request to

26   enforce a forum-selection clause."  *Adema Techs., Inc. v. Wacker Chem. Corp.*, 657 F. App'x 661,

27   662 (9th Cir. 2016) (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 52).

28

RESPONDENT ZOOSK, INC.'S MOTION
TO DISMISS OR, IN THE
ALTERNATIVE, TRANSFER
3:21-cv-03751-JSC

4149-6508-4975.14

The Supreme Court and this Court acknowledge that "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *E. Bay Women's Health, Inc.*, 2014 WL 1618382, at *2 (citing *Atl. Marine Constr. Co.*, 571 U.S. at 63).   Accordingly, "the party defying the forum-selection clause . . . bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 51 (2013).  The party seeking to avoid the chosen forum must show considerations that "overwhelmingly disfavor a transfer," and such a balance can rarely be shown, with "the practical result [] that forum selection clauses should control except in unusual circumstances." *Id.* at 64, 67.

To avoid enforcement of a forum selection clause, then, the party opposing transfer must demonstrate that either (1) the forum selection clause is not valid or (2) public interest considerations make transfer inappropriate.  *See Fleming v. Matco Tools Corp.*, 384 F. Supp. 3d 1124, 1129 (N.D. Cal. 2019) (Orrick, J.) (citing *Atl. Marine Constr.*, 571 U.S. at 64).  A forum selection clause such as that found in Section 20(b) of the TOU is "presumptively valid," and the party challenging enforcement thus "bears a heavy burden of proof and must clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." *Lewis v. Liberty Mut. Ins. Co.*, 321 F. Supp. 3d 1076, 1049 (N.D. Cal. 2018) (Orrick, J.) , *aff'd*, 953 F.3d 1160 (9th Cir. 2020) (internal quotations omitted).  As shown below, Section 20(a) of the TOU is valid and enforceable and the Petition plainly falls within its scope as a "proceeding seeking relief in aid of [] arbitration."  See Part IV.A *infra*.  Moreover, the public interest factors relevant in a Section 1404(a) analysis such as "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law," *Fleming*, 384 F. Supp. 3d at 1129, far from overwhelmingly *disfavoring* transfer, actually affirmatively weigh *in favor of* a transfer to SDNY.  See Part IV.B *infra*.

A.    **The TOU's Forum Selection Clause Is Valid and Enforceable**

Both the Supreme Court and the Ninth Circuit have narrowly limited the rebuttability of the

4149-6508-4975.14

presumptive validity of forum selection clauses, such that a clause will be found invalid and unenforceable only: "(1) if the inclusion of the clause in the agreement is the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would be effectively deprived of his day in court were the clause enforced; [or] (3) if enforcement would contravene a strong public policy of the forum in which the suit is brought." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–18 (1972)).

There is no basis upon which Petitioners could assert or the Court could conclude that the forum selection clause here was the product of fraud or overreaching and therefore not valid. Should Petitioners take such a position, it would be fundamentally at odds with their reliance on the TOU to bring this Petition in the first instance. *See* Petition ¶¶ 2, 18–19. Indeed, if Section 20(a) setting forth the forum selection clause were deemed the product of fraud or overreach, and thus unreasonable and unenforceable, surely the arbitration provision in Section 20(b) would likewise be unenforceable on the same grounds, negating any obligation purportedly arising under the TOU to arbitrate at all.

Moreover, the Petition does not present the sort of exceptional case where a valid forum selection clause may be deemed unenforceable. In fact, where a party has "violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause . . . dismissal would work no injustice on the plaintiff." *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1091 (9th Cir. 2018). Here, having the Petition heard by SDNY would not deprive Petitioners of their day in court. The mere fact that the competent court is in a state other than Petitioners' home state does not amount to such a deprivation. *See Pelleport Investors Inc. v. Budco Quality Theatres*, 741 F.2d 273, 281 (9th Cir. 1984) (noting that necessitating travel from East Coast to California did not deny plaintiff meaningful day in court); *Atl. Marine Constr.*, 571 U.S. at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."). This federal district court is no more qualified than SDNY to hear petitions brought under the FAA, and the remedy sought by the Petition is equally available here

1  and in SDNY, the federal court chosen by the parties to hear arbitration-related disputes.[4]  In

2  addition, enforcement of the forum selection clause would not contravene any strong California

3  public policy.  Where there is an available remedy in the transferee forum, "courts tether their

4  policy analysis to the forum selection clause itself, finding the forum selection clause unreasonable

5  only when it contravenes a policy specifically related to venue." *Rowen v. Soundview Commc'ns,*

6  *Inc.*, No. 14-CV-05530-WHO, 2015 WL 899294, at *4 (N.D. Cal. Mar. 2, 2015) (Orrick, J.)

7  (citations omitted).  There is no such California policy at issue here.  Indeed, California's interest

8  in judicial economy would be bolstered by having SDNY (rather than this Court) interpret a

9  contract that, as per Section 20(a) of the TOU, is governed by New York state law.

10  **B.    Petitioners Cannot Meet Their Heavy Burden of Demonstrating that Public Interest Considerations Overwhelmingly Disfavor Transfer**

12  Nor can Petitioners meet their burden of showing that public interest factors

13  "overwhelmingly disfavor" transfer.  *Atl. Marine Constr.*, 571 U.S. at 67; *Moretti v. Hertz Corp.*,

14  No. C 13-02972 JSW, 2014 WL 1410432, at * 4 (N.D. Cal. Apr. 11, 2014) (White, J.).  Public

15  factors include "the administrative difficulties flowing from court congestion; the local interest in

16  having localized controversies decided at home; the interest in having the trial of a diversity case

17  in a forum that is at home with the law that must govern the action; the avoidance of unnecessary

18  problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening

19  citizens in an unrelated forum with jury duty." *Fleming*, 384 F. Supp. 3d at 1136 (citing *Piper*

20  *Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).  No one factor is determinative, but these

21  factors will "rarely defeat" a motion to enforce a forum selection clause such that "the practical

22  result is that forum-selection clauses should control except in unusual cases." *Glob. Quality Foods,*

---

[4] If, as argued in Part III above, this Court lacks subject matter jurisdiction over the Petition, then SDNY likewise lack subject matter jurisdiction over the Petition.  This circumstance would not affect the enforceability of the forum selection clause, however, because the New York state courts unquestionably would have jurisdiction to hear the Petition, and those courts regularly hear applications to compel arbitration under New York Civil Practice Law & Rules § 7503.  Because the remedy sought by the Petition certainly would be available from at least one of the two fora identified in the forum selection clause, this Court need not, and cannot, retain jurisdiction based on the mere possibility that the other forum identified in that clause may turn out to be unavailable.

RESPONDENT ZOOSK, INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER 3:21-cv-03751-JSC

4149-6508-4975.14

1    *Inc. v. Van Hoekelen Greenhouses, Inc.*, No. 16-cv-00920-LB, 2016 WL 4259126, at *9 (N.D. Cal.

2    Aug. 12, 2016) (Beeler, Mag. J.) (quoting *Atl. Marine Constr.*, 571 U.S. at 64).   This is not an

3    example of such an "unusual case."

4        The TOU is governed by New York law.  *See* Section 20(a).  Ruling upon the merits of the

5    Petition will therefore require interpretation and application of New York contract law, which

6    weighs in favor of enforcing the TOU's requirement that a New York court adjudicate the Petition.

7    Deferring to the New York court's greater familiarity with the governing law would thus eliminate

8    an unnecessary burden on this Court while reducing congestion in this Court.   Moreover, even

9    though Petitioners are California residents, none is domiciled in this district, *see* Meal Decl. Exs.

10   4–7, and neither is Zoosk, which is based in Utah.   *See* Meal Decl. Exs. 4–7 at TOU.   The

11   controversy raised by the Petition is thus by no means "localized" to this District; nor is it so

12   significantly related to this District as to justify burdening this Court and jurors residing in this

13   District with resolving that controversy rather than a judge and jurors from SDNY.   And even if

14   this were a "localized" controversy, any "local interests generally do not outweigh the controlling

15   weight of the forum-selection clause."   *O'keeffe's Inc. v. Access Info. Techs., Inc.*, No. 15-CV-

16   03115-EMC, 2015 WL 6089418, at *3 (N.D. Cal. Oct. 16, 2015) (Chen, J.) (granting motion to

17   transfer product liability suit to New York due to forum selection clause).

18   **V.    CONCLUSION**

19       Based on the foregoing, Zoosk respectfully requests that the Court dismiss the Petition for

20   lack of subject matter jurisdiction or, in the alternative, enforce the parties' forum selection clause

21   by transferring the Petition to SDNY.

22

23

24

25

26

27

28

RESPONDENT ZOOSK, INC.'S MOTION
TO DISMISS OR, IN THE
ALTERNATIVE, TRANSFER
3:21-cv-03751-JSC

4149-6508-4975.14

1   Dated: July 6, 2021

DOUGLAS H. MEAL
REBECCA HARLOW
Orrick, Herrington & Sutcliffe LLP


By:       */s/ Douglas H. Meal*
         DOUGLAS H. MEAL
      Attorneys for Respondent
         ZOOSK, INC.

4149-6508-4975.14